IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06cv369 [TJW] |
| | § | |
| TIME WARNER CABLE INC. | § | JURY TRIAL REQUESTED |

### TIME WARNER CABLE INC.'S ANSWER AND COUNTERCLAIMS

Defendant Time Warner Cable Inc. ("TWC"), by its undersigned counsel, responds to the allegations asserted in the Complaint of Rembrandt Technologies, LP ("Rembrandt") as follows:

1. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. TWC admits the allegations of paragraph 2 of the Complaint that it is a Delaware corporation, that its "registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201," that it conducts business in Texas and within this judicial district, and that it operates cable television systems in the United States. TWC denies the remaining allegations made in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 3 contains factual allegations to which a response is required, those allegations are denied.

4. TWC admits the allegations of paragraph 4 of the Complaint that this Court has personal jurisdiction over it, and that "TWC has conducted and does conduct business with (*sic* within) the State of Texas." TWC denies the remaining allegations of paragraph 4 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

5.      Paragraph 5 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 5 contains factual allegations to which a response is required, those allegations are denied.

## COUNT I

6.      TWC restates and realleges its responses to paragraphs 1-5 of the Complaint and incorporates them herein by reference.

7.      TWC admits that a copy of U.S. Patent No. 5,008,903 (the "'903 patent") was attached to the Complaint as Exhibit A when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 7 of the Complaint, and on that basis denies those allegations.

8.      TWC admits that the '903 patent was issued by the United States Patent and Trademark Office ("the PTO") on April 16, 1991. TWC denies the remaining allegations made in paragraph 8 of the Complaint.

9.      TWC denies the allegations of paragraph 9 of the Complaint.

10.     TWC denies the allegations of paragraph 10 of the Complaint.

## COUNT II

11.     TWC restates and realleges its responses to paragraphs 1-5 of the Complaint and incorporates them herein by reference.

12.     TWC admits that a copy of U.S. Patent No. 5,710,761 (the "'761 patent") was attached to the Complaint as Exhibit B when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 12 of the Complaint, and on that basis denies those allegations.

13. TWC admits that the '761 patent was issued by the PTO on January 20, 1998. TWC denies the remaining allegations made in paragraph 13 of the Complaint.

14. TWC denies the allegations of paragraph 14 of the Complaint.

15. TWC denies the allegations of paragraph 15 of the Complaint.

## COUNT III

16. TWC restates and realleges its responses to paragraphs 1-5 of the Complaint and incorporates them herein by reference.

17. TWC admits that a copy of U.S. Patent No. 5,778,234 (the "'234 patent") was attached to the Complaint as Exhibit C when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 17 of the Complaint, and on that basis denies those allegations.

18. TWC admits that the '234 patent was issued by the PTO on July 7, 1998. TWC denies the remaining allegations made in paragraph 18 of the Complaint.

19. TWC denies the allegations of paragraph 19 of the Complaint.

20. TWC denies the allegations of paragraph 20 of the Complaint.

## COUNT IV

21. TWC restates and realleges its responses to paragraphs 1-5 of the Complaint and incorporates them herein by reference.

22. TWC admits that a copy of U.S. Patent No. 6,131,159 (the "'159 patent") was attached to the Complaint as Exhibit D when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 22 of the Complaint, and on that basis denies those allegations.

23. TWC admits that the '159 patent was issued by the PTO on October 10, 2000. TWC denies the remaining allegations made in paragraph 23 of the Complaint.

24. TWC denies the allegations of paragraph 24 of the Complaint.

25. TWC denies the allegations of paragraph 25 of the Complaint.

## COUNT V

26. TWC restates and realleges its responses to paragraphs 1-5 of the Complaint and incorporates them herein by reference.

27. TWC admits that a copy of U.S. Patent No. 6,950,444 (the "'444 patent") was attached to the Complaint as Exhibit E when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 27 of the Complaint, and on that basis denies those allegations.

28. TWC admits that the '444 patent was issued by the PTO on September 27, 2005. TWC denies the remaining allegations made in paragraph 28 of the Complaint.

29. TWC denies the allegations of paragraph 29 of the Complaint.

30. TWC denies the allegations of paragraph 30 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses. TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Rembrandt bears the burden.

## FIRST DEFENSE

31. Each of the claims of the '903, '761, '234, '159 and '444 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

## SECOND DEFENSE

32. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '903, '761, '234, '159 or '444 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '903, '761, '234, '159 or '444 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '903, '761, '234, '159 or '444 patents.

## THIRD DEFENSE

33. The Complaint's claims are barred by the doctrine of estoppel.

## FOURTH DEFENSE

34. The Complaint's claims are barred by the doctrine of laches.

## COUNTERCLAIMS

## PARTIES

1. Counterclaimant Time Warner Cable Inc. ("TWC") is a Delaware corporation having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

2. Counterclaim defendant Rembrandt Technologies, LP ("Rembrandt") purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

## JURISDICTION AND VENUE

3. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

6. A justifiable controversy exists between Counterclaimant TWC and Rembrandt with respect to the invalidity and non-infringement of the claims of U.S. Patent Nos. 5,008,903 (the "'903 patent"), 5,710,761 (the "'761 patent"), 5,778,234 (the "'234 patent"), 6,131,159 (the "'159 patent") and 6,950,444 (the "'444 patent").

## FIRST COUNTERCLAIM

7. TWC hereby repeats and reiterates the allegations made in paragraphs 1-6 of these Counterclaims as if fully set forth herein.

8. Each of the claims of the '903, '761, '234, '159 and '444 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

## SECOND COUNTERCLAIM

9. TWC hereby repeats and reiterates the allegations made in paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '903, '761, '234, '159 or '444 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '903, '761, '234, '159 or '444 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '903, '761, '234, '159 or '444 patents.

WHEREFORE, Defendant and Counterclaimant TWC prays that:

a) The Court dismiss all of Rembrandt's claims against TWC with prejudice;

b) The Court declare invalid each of the claims of the '903, '761, '234, '159 and '444 patents;

c) The Court declare that TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '903, '761, '234, '159 or '444 patents and has not done so in the past, and that TWC therefore and otherwise does not directly infringe the '903, '761, '234, '159 or '444 patents and has not done so in the past;

d) The Court declare that TWC does not contribute to or induce infringement of the '903, '761, '234, '159 or '444 patents and it has not done so in the past, and that TWC therefore and otherwise does not indirectly infringe the '903, '761, '234, '159 or '444 patents and has not done so in the past;

e) TWC be awarded its costs in this action;

f) TWC be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

g) TWC be awarded such other and further relief as this Court deems is just and proper.

Dated: November 9, 2006                    Respectfully submitted,

                                           */s/ Diane V. DeVasto*
                                           Michael E. Jones
                                           Texas State Bar No. 10929400
                                           Diane V. DeVasto
                                           State Bar No. 05784100
                                           POTTER MINTON, P.C.
                                           110 North College
                                           500 Plaza Tower
                                           Tyler, Texas 75702
                                           Telephone: (903) 597-8311
                                           Facsimile: (903) 593-0846
                                           dianedevasto@potterminton.com
                                           mikejones@potterminton.com

                                           **ATTORNEYS FOR
                                           TIME WARNER CABLE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 9, 2006. Any other counsel of record will be served by first class mail on this same date.

                                           */s/ Diane V. DeVasto*

{A53\7477\0002\W0314981.1 }                8