IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:06-cv-369 |
| | § | [TJW/CE] |
| | § | |
| TIME WARNER CABLE INC., TIME | § | **JURY TRIAL REQUESTED** |
| WARNER CABLE LLC, TIME | § | |
| WARNER NEW YORK CABLE LLC, TIME | § | |
| WARNER ENTERTAINMENT | § | |
| COMPANY, L.P., and TIME WARNER | § | |
| ENTERTAINMENT-ADVANCE/NEWHOUSE | § | |
| PARTNERSHIP, | § | |
| | § | |
| Defendants. | § | |

## TWC'S ANSWER TO REMBRANDT'S FIRST AMENDED COMPLAINT

Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "TWC"), by its undersigned counsel, respond to the allegations asserted in the First Amended Complaint (the "Complaint") of Rembrandt Technologies, LP ("Rembrandt") as follows:

1. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. TWC admits the allegations of paragraph 2 of the Complaint that Defendant Time Warner Cable Inc. is a Delaware corporation, that its "registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201," that it conducts business in Texas and within this judicial district, and that it

operates cable television systems in the United States. TWC denies the remaining allegations made in paragraph 2 of the Complaint. Defendant Time Warner Cable Inc.'s principle place of business is 290 Harbor Drive, Stamford, Connecticut 06902.

3. TWC admits the allegations of paragraph 3 of the Complaint that Defendant Time Warner Cable LLC is a Delaware limited liability company with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and that its "registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801."

4. TWC admits the allegations of paragraph 4 of the Complaint that Defendant Time Warner New York Cable LLC is a Delaware limited liability company and that its "registered agent for service of process in Texas is CT Corporation System at 350 North St. Paul Street, Dallas, Texas 75201." TWC denies the remaining allegations made in paragraph 4 of the Complaint. Defendant Time Warner New York Cable LLC's principle place of business is 290 Harbor Drive, Stamford, Connecticut 06902.

5. TWC admits the allegations of paragraph 5 of the Complaint that Defendant Time Warner Entertainment Company, L.P. is a Delaware limited partnership with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and that its "registered agent for service of process in Texas is CT Corporation Systems at 1021 Main Street, Suite 1150, Houston, Texas 77002."

6. TWC admits the allegations of paragraph 6 of the Complaint that Defendant Time Warner Entertainment-Advance/Newhouse Partnership is a New York partnership and that its "registered agent for service of process in Texas is CT Corporation System at 350 North St. Paul Street, Dallas, Texas 75201." TWC denies the remaining

allegations made in paragraph 6 of the Complaint. Defendant Time Warner Entertainment-Advance/Newhouse Partnership's principle place of business is 290 Harbor Drive, Stamford, Connecticut 06902.

7. TWC admits that Time Warner Cable Inc. is the direct or indirect parent of each of Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership. TWC admits that through one or more of its subsidiaries, affiliates, partners, or other related parties, Time Warner Cable Inc. owns and/or operates cable systems throughout the United States and in the State of Texas. TWC admits that Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership each directly or through one or more subsidiaries, affiliates, partners, or other related parties own and operate cable systems in Texas and elsewhere. TWC denies the remaining allegations of paragraph 7 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

8. Paragraph 8 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 8 contains factual allegations to which a response is required, those allegations are denied.

9. TWC admits the allegations of paragraph 9 of the Complaint that this Court has personal jurisdiction over all named Defendants, and that Defendants, through one or more subsidiaries, affiliates, partners, or other related parties, have conducted and continue to conduct business in the State of Texas. TWC denies the remaining allegations

Case 2:06-cv-00692-CMC Document 546 Filed 06/28/2007 Page 3 of 12

of paragraph 9 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 10 contains factual allegations to which a response is required, those allegations are denied.

## COUNT I

11. TWC restates and realleges its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference.

12. TWC admits that a copy of U.S. Patent No. 5,008,903 (the "'903 patent") was attached to the Complaint as Exhibit A when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 12 of the Complaint, and on that basis denies those allegations.

13. TWC admits that the '903 patent was issued by the United States Patent and Trademark Office ("the PTO") on April 16, 1991. TWC denies the remaining allegations made in paragraph 13 of the Complaint.

14. TWC denies the allegations of paragraph 14 of the Complaint.

15. TWC denies the allegations of paragraph 15 of the Complaint.

## COUNT II

16. TWC restates and realleges its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference.

17. TWC admits that a copy of U.S. Patent No. 5,710,761 (the "'761 patent") was attached to the Complaint as Exhibit B when served. TWC lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 17 of the Complaint, and on that basis denies those allegations.

18. TWC admits that the '761 patent was issued by the PTO on January 20, 1998. TWC denies the remaining allegations made in paragraph 18 of the Complaint.

19. TWC denies the allegations of paragraph 19 of the Complaint.

20. TWC denies the allegations of paragraph 20 of the Complaint.

## COUNT III

21. TWC restates and realleges its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference.

22. TWC admits that a copy of U.S. Patent No. 5,778,234 (the "'234 patent") was attached to the Complaint as Exhibit C when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 22 of the Complaint, and on that basis denies those allegations.

23. TWC admits that the '234 patent was issued by the PTO on July 7, 1998. TWC denies the remaining allegations made in paragraph 23 of the Complaint.

24. TWC denies the allegations of paragraph 24 of the Complaint.

25. TWC denies the allegations of paragraph 25 of the Complaint.

## COUNT IV

26. TWC restates and realleges its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference.

27. TWC admits that a copy of U.S. Patent No. 6,131,159 (the "'159 patent") was attached to the Complaint as Exhibit D when served. TWC lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 27 of the Complaint, and on that basis denies those allegations.

28. TWC admits that the '159 patent was issued by the PTO on October 10, 2000. TWC denies the remaining allegations made in paragraph 28 of the Complaint.

29. TWC denies the allegations of paragraph 29 of the Complaint.

30. TWC denies the allegations of paragraph 30 of the Complaint.

## COUNT V

31. TWC restates and realleges its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference.

32. TWC admits that a copy of U.S. Patent No. 6,950,444 (the "'444 patent") was attached to the Complaint as Exhibit E when served. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 32 of the Complaint, and on that basis denies those allegations.

33. TWC admits that the '444 patent was issued by the PTO on September 27, 2005. TWC denies the remaining allegations made in paragraph 33 of the Complaint.

34. TWC denies the allegations of paragraph 34 of the Complaint.

35. TWC denies the allegations of paragraph 35 of the Complaint.

## PRAYER FOR RELIEF

TWC denies that Plaintiff is entitled to the relief requested in its prayer, and to the extent that such prayer contains factual allegations, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses. TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Rembrandt bears the burden.

### FIRST DEFENSE

36. Each of the claims of the '903, '761, '234, '159 and '444 patents are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### SECOND DEFENSE

37. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '903, '761, '234, '159 or '444 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '903, '761, '234, '159 or '444 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '903, '761, '234, '159 or '444 patents.

### THIRD DEFENSE

38. The Complaint's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

39. The Complaint's claims are barred by the doctrine of laches.

### COUNTERCLAIMS

### PARTIES

1. Counterclaimant Time Warner Cable Inc. is a Delaware corporation having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

2. Counterclaimant Time Warner Cable LLC is a Delaware limited liability company having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

3. Counterclaimant Time Warner New York Cable LLC is a Delaware limited liability company having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

4. Counterclaimant Time Warner Entertainment Company, L.P. is a Delaware limited partnership having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

5. Counterclaimant Time Warner Entertainment-Advance/Newhouse Partnership is a New York partnership having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

6. Counterclaim defendant Rembrandt Technologies, LP ("Rembrandt") purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

**JURISDICTION AND VENUE**

7. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

Case 2:07-cv-00397-GMS Document 546 Filed 06/28/2007 Page 8 of 12

10. A justifiable controversy exists between Counterclaimants and Rembrandt with respect to the invalidity and non-infringement of the claims of U.S. Patent Nos. 5,008,903 (the "'903 patent"), 5,710,761 (the "'761 patent"), 5,778,234 (the "'234 patent"), 6,131,159 (the "'159 patent") and 6,950,444 (the "'444 patent").

### FIRST COUNTERCLAIM

11. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-10 of these Counterclaims as if fully set forth herein.

12. Each of the claims of the '903, '761, '234, '159 and '444 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### SECOND COUNTERCLAIM

13. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-12 of these Counterclaims as if fully set forth herein.

14. Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '903, '761, '234, '159 or '444 patents and Counterclaimants have not done so in the past. Counterclaimants also do not contribute to or induce infringement of the '903, '761, '234, '159 or '444 patents and Counterclaimants have not done so in the past. Counterclaimants do not infringe, and have not in the past infringed, either directly or indirectly, the '903, '761, '234, '159 or '444 patents.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants pray that:

Case 2:07-cv-00492-TJW-CE    Document 46    Filed 06/28/2007    Page 9 of 12

a) The Court dismiss all of Rembrandt's claims against Counterclaimants with prejudice;

b) The Court declare invalid each of the claims of the '903, '761, '234, '159 and '444 patents;

c) The Court declare that Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '903, '761, '234, '159 or '444 patents and have not done so in the past, and that Counterclaimants therefore and otherwise do not directly infringe the '903, '761, '234, '159 or '444 patents and have not done so in the past;

d) The Court declare that Counterclaimants do not contribute to or induce infringement of the '903, '761, '234, '159 or '444 patents and Counterclaimants have not done so in the past, and that Counterclaimants therefore and otherwise do not indirectly infringe the '903, '761, '234, '159 or '444 patents and have not done so in the past;

e) Counterclaimants be awarded their costs in this action;

f) Counterclaimants be awarded their attorneys fees pursuant to 35 U.S.C. § 285; and

g) Counterclaimants be awarded such other and further relief as this Court deems is just and proper.

                        Respectfully submitted,

By:   /s/ Allen F. Gardner
Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone: (903) 597-8311
Fax: (903) 593-0846

*Of Counsel:*

David S. Benyacar
Daniel L. Reisner
**KAYE SCHOLER LLP**
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

*Attorneys for Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership*

Dated: May 16, 2007

11

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of May, 2007. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Allen F. Gardner*
